# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Crystal Wendy Coley, ) | |
| ) | Civil Action No. 6:14-cv-01702-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Carolyn W. Colvin, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Crystal Wendy Coley ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g). This matter is before the court for review of the Report and Recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C. (ECF No. 28.)

The Magistrate Judge recommended reversing the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") and remanding the case to the Commissioner for further consideration in accordance with the Report's discussion. (*Id.* at 19.) Defendant timely filed objections to the Magistrate Judge's Report. (ECF No. 30.) For the reasons set forth below, the court **ADOPTS** the Magistrate Judge's Report, **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI, and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision pursuant to sentence four (4) of 42 U.S.C. § 405(g).

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A thorough recitation of the relevant factual and procedural background of this matter is

1

discussed in the Report and Recommendation.  (*See* ECF No. 25 at 1–16.)  The court concludes, upon its own careful review of the record, that the Magistrate Judge's factual and procedural summation is accurate and incorporates it by reference.

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court reviews *de novo* only those portions of a Magistrate Judge's Report to which specific objections are filed, and it reviews those portions not objected to—including those portions to which only "general and conclusory" objections have been made—for clear error.  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  The court may accept, reject, or modify—in whole or in part—the recommendation of the Magistrate Judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides, "[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by

substantial evidence.  *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

### III. ANALYSIS

Defendant primarily objects to the Report's recommendation that the matter be remanded for the ALJ to consider the opinion testimony of a mental health examiner it did not consider in originally determining Plaintiff's ability to perform work.  (ECF No. 30 at 6–8.)  The Objection specifically asserts that following the Report's recommendation would not result in a different administrative decision because the ALJ's consideration of the mental health examiner opinion actually would weaken Plaintiff's claim of mental health impairments.  (*Id.* at 7 (highlighting that the examiner doubts the validity of the test used to evaluate Plaintiff and that the examiner "suspected Plaintiff of malingering" during the test).)  Thus, according to the Objection, remanding the case for consideration of such testimony would be a "waste of administrative resources." (*Id.* at 6.)

The Magistrate Judge characterizes these arguments by Defendant as "*post-hoc* rationalization" that the ALJ did not include in his decision because the ALJ did not consider the mental health opinion evidence when originally making his determination.  (ECF No. 28 at 27.)  The Magistrate Judge states in his Report that because the ALJ failed to consider the mental

3

health evidence, the reviewing federal court cannot settle "whether the [ALJ] assessment was based upon substantial evidence." (*Id.* at 19.) This court agrees.

Again, this court is tasked with upholding the Commissioner's decision only if it is supported by substantial evidence. *See* 42 U.S.C. § 405(g) ("[T]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). However, the federal court is not to "mechanically accept" the ALJ's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969) (noting that "the statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency"). *Flack*, 413 F.2d at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the *whole* record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971) (emphasis added).

Thus, despite the potentially sound reasons the ALJ may have had for discounting the opinion of the mental health examiner in this case, his failure not to make explicit the weight he gave such probative evidence affects this court's ability to provide such scrutiny. The Court of Appeals for the Fourth Circuit has made clear that a federal court "cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly indicates the weight given to *all* of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235–36 (4th Cir. 1984) (emphasis added) (remanding that case and directing the Commissioner to reconsider it and to "indicate explicitly the weight accorded to the various medical reports in the record").

Accordingly, the Magistrate Judge in this case was correct to hold that the ALJ should first explicitly consider the evidence regarding Plaintiff's mental health deficiencies before the

federal court makes a substantial evidence determination. (*See* ECF No. 28 at 19.) As the Fourth Circuit further explained in *Arnold*:

> The courts . . . face a difficult task in applying the substantial evidence test when the Secretary has not considered all relevant evidence. Unless the Secretary has analyzed all evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's 'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'

567 F.2d at 259 (citing *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971)). That duty of this court outweighs Defendant's premature conclusions that remanding the case would not result in a different administrative decision as well as Defendant's concerns about wasting administrative resources. (ECF No. 30 at 6–7.)

Given his determination, the Magistrate Judge declined to reach the Plaintiff's remaining allegations of error by the ALJ. (ECF No. 28 at 19.) This court also declines. It furthermore agrees with the Magistrate Judge's recommended instruction for the Commissioner, upon remand, also to consider Plaintiff's remaining allegations of error, including that the ALJ: 1) failed to properly consider her chronic fatigue (ECF No. 23 at 32–35); 2) failed to properly consider particular medical opinion testimony that she may be unable to sustain work on an ongoing basis (*Id.* at 26–28); and 3) failed to acknowledge purported conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles (*Id.* at 29–31).

## IV. CONCLUSION

For the reasons set forth herein, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 28), **REVERSES** the final decision of the Commissioner denying Plaintiff's claim for DIB and SSI, and **REMANDS** the case to the Commissioner for further proceedings consistent with this decision pursuant to sentence four (4) of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

                                            *J. Michelle Childs*

                                            United States District Judge

September 23, 2015  
Columbia, South Carolina

6